Nicholson, C. J.,
delivered the opinion of the court.
The question in this case arises from the following facts, viz.:
In August, 1861, Holmes obtained a decree in the chancery court at Memphis against Dan. ' Able for $4,183, from which decree Able appealed to this court, giving bond and security for the judgment and costs as required by law. The decree was affirmed in this court at the April term, 1871, and execution issued, and was levied on a tract of land owned by Able at the time of the decree in the chancery court, but which had been sold to the complainant before the decree of affirmance in the court. Able also' acquired ■other lands which he had conveyed.
The present bill was filed to enjoin the sale of the land levied on. The Chancellor dismissed the bill for want of equity, and the complainant appealed.
The main question to be determined is, whether the appeal of Able from the decree of the Chancellor released, and destroyed the lien of, that decree, so that it did not continue in force until the affirmance of the decree in this court.
It was said by this court at the April term, 1871, at this place, in the case of Pond v. Trigg, that “it is the settled doctrine of this court that the broad appeal vacates the judgment of the inferior court; while the appeal in error merely suspends the judgment of the inferior court, and does not annul or destroy it. The simple appeal operates as an immediate transfer *468 of the case to the appellate court, puts an end to the further control of the inferior court, and operates also to annul its judgment, which, in legal contemplation, ceases to exist after the appeal is granted.”
The distinction between a simple appeal and an appeal in error, so far as they respectively operate upon judgments or decrees, has been recognized by a succession of decisions in this court running through many years. The reason for this distinction is not so apparent. The bond required from the appellants, and the proceedings in the appellate court, upon an appeal in the nature of a writ of error, are the same as those prescribed upon an appeal. Code, sec. 3175.
A simple appeal from the chancery court to the supreme court secures a trial de novo in the supreme court, the same as if the .suit had originally commenced there. Maskall v. Maskall, 3 Sneed, 208. And on an appeal in error, the court of errors will review all material decisions in the cause. Campbell v. Wallen, Mart. & Yerg., 266.
But although it is difficult to justify the distinction between the simple appeal and the appeal in error, and while the bond and the proceeding in the appellate court are the same in both, the one has been uniformly held to annul and vacate the judgment or decree, and the other only to suspend it.
The distinction is acted upon in cases in which one of the parties dies pending a simple appeal. This abates the suit and not the appeal. Maskall v. Maskall, 3 Sneed, 208; but if an appeal in error be dismissed or abated, the judgment below remains in force. It *469 •operates in the same manner as a writ of error and swpersedeas. Thomasson v. Kercheval, 10 Hum., 324.
But the question here is, whether there is any distinction between the operation of the simple appeal and the appeal in error upon the statutory lien fixed by the decree or judgment appealed from upon land. Judgments and decrees are liens upon the debtor’s lands from the time they were rendered. Code, sec. 2980. But these liens are lost unless execution is taken out and the lands sold within twelve months after the rendition of the judgment or decree, — sec. 2982; unless the sale within twelve months be prevented by injunction, writ of error, appeal in the nature of a writ of error, or other adverse proceeding in court, in which case the lien is continued, provided •execution is issued and the land sold within one year after the injunction is dissolved, the judgment or decree affirmed, or other adverse proceeding dismissed. Sec. 2983.
It is to be observed that the simple appeal is not • •enumerated as one of the causes for continuing the lien beyond twelve months, yet the writ of error .and the appeal in error are so enumerated. The reason for omitting the simple appeal is not obvious, and yet it is not to be presumed that it was done by inad-vertance, as' the same omission occurs in the act of 1831, which is carried into the Code with a material amendment as sec. 2983. We must assume, therefore, that the simple appeal was omitted for reasons satisfactory to the legislature.
But the act of 1831 was amended in the Code *470 by the words, “or other adverse proceeding in court.” It is probable that, this amendment was made in the Code in view of the decision of this court in the case of the Planters’ Bank v. The Union Bank, 5. Hum., 304, in which it was held that if a party was prevented from effectuating his lien within the twelve months, by reason of the supersedeas issued upon a writ of error eoram nobis, this should not defeat his lien. The words, “or other adverse proceeding in court,” were intended to embrace obstructions to the-effectuation of the lien resorted to in the court, such as a supersedeas or other process of lawjbut Ave cannot construe this language as intended to embrace simple-appeals, because the concluding portion of the section forbids such a construction.
The land is to be sold within one year after the-injunction is dissolved, the judgment or decree affirmed, or ■ other adverse proceeding dismissed. It is clear that the adverse proceeding referred to is some legal proceeding which operates as an obstruction until it is removed by dismissal. This cannot apply to an appeal which could only operate as an obstruction until an affirmance of the judgment or decree.
We can readily understand that the legislature intended that a party who might be prevented by process of law from effectuating his lien by a“ sale of the-land within the year, should have a year within which to sell after the obstruction to his execution should be removed. We may think also that the same policy which regards a writ of error or appeal in error as such legal obstruction, ought to regard a simple’ ap-- *471 peal as equally such an obstruction. But the Legislature has not chosen to include a simple appeal among the obstructions specially .designated, and we know of no rule of construction by which we can supply what may seem to us an omission without any apparent reason therefor. We must either include a simple appeal within the reason of the policy of the law by judicial construction, tantamount to judicial legislation, or overturn a long line of adjudications which hold that a simple appeal vacates and annuls the judgment or decree appealed from. Jn this state of things we are constrained to hold, that as the decree below was vacated and annulled by the appeal, there was nothing left on which the lien could rest and be supported until. the affirmance of the decree.
The decree below will be reversed, and the relief granted as prayed. The defendant will pay the costs of the case.